IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARIE CARASTRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:18-cv-800-ECM |
| | ) | [wo] |
| ALABAMA DEPARTMENT OF | ) | |
| PUBLIC HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on a motion to dismiss Plaintiff's second amended complaint (Doc. 31), filed on June 12, 2019.

The Plaintiff, Marie Carastro ("Carastro"), originally filed a complaint in this case on September 14, 2018. (Doc. 1). She has filed two amended complaints. (Doc. 18 & 30). In her second amended complaint, Carastro brings a claim of retaliation pursuant to Title VII, 42 U.S.C. § 2000 *et seq*. ("Title VII"), against the Alabama Department of Public Health ("the ADPH") (count one); a claim for injunctive relief as a remedy for age discrimination against Dennis Blair, Mia Sadler, and Lisa Pezent (count two); a claim of disability discrimination brought pursuant to the Rehabilitation Act against the ADPH (count three); and a Title VII hostile working environment claim against the ADPH (count four).

For the reasons that follow, the Defendants' motion is due to be GRANTED in part and DENIED in part.

## I. LEGAL STANDARD

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In analyzing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court assumes the factual allegations in the complaint to be true. However, "if allegations [in the complaint] are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153–54 (11th Cir. 2011)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

2

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.  FACTS

The allegations of the second amended complaint are as follows:

Carastro began working for the ADPH in 1989. At the time her employment ended in October of 2018, she worked as a Licensure & Certification Surveyor of nursing homes and related facilities. Carastro is ninety years old.

Carastro identifies actions taken by the ADPH which she contends were discriminatory on the basis of her age and that she was regarded by the ADPH as being disabled.

Carastro alleges that as a result of three complaint letters, she was recommended for suspension from surveying facilities. She was subsequently suspended without pay from June 3, 2017 to June 9, 2017.

With regard to the three complaints, Carastro alleges that staff at nursing homes had been told by the ADPH to call if they had a problem with her and were told that she has Alzheimer's disease. (Doc. 30, at p. 8). Carastro states that she does not have Alzheimer's disease. Carastro also alleges that she was forced to drive long distances to do inspection work and that when she arrived, she was prohibited from doing inspection work. She alleges that no other surveyor was treated that way. (Doc. 30, at p. 8). Carastro alleges that she was required to use electronic devices and

computers and that this requirement is evidence of age discrimination. (Doc. 30, at p. 9). Carastro states that the ADPH incorrectly perceived that she is disabled and attempted to make her appear incompetent because of her age.

Carastro alleges that she has filed multiple charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), including charges in December 2015, September 2016, March 2017, and July 2017. (Doc. 30, at p. 4).

In September 2018, Carastro was called to a pre-termination conference. On October 9, 2018, she received a letter stating that she was being terminated. She appealed this decision and subsequently agreed to a suspension of one week. At the end of the suspension period, she retired. (Doc. 30, at p. 7).

### III. DISCUSSION

The ADPH, Blair, Sadler, and Pezent seek dismissal of Carastro's request for punitive damages, as well as dismissal of all of the counts of the second amended complaint.

A. Request for Punitive Damages

Carastro has requested punitive damages in counts one, three, and four of the second amended complaint. The Defendants seek dismissal of the request for punitive damages on the ground that Title VII precludes recovery of punitive damages against government agencies.

Because punitive damages cannot be claimed against state agencies pursuant to Title VII, and punitive damages are sought against the ADPH in counts one and four, those claims for punitive damages are due to be dismissed. *See* 42 U.S.C.A. § 1981a(b)(1) (stating, "A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . .").

Although the request for punitive damages against the ADPH in count three of the second amended complaint is brought pursuant to the Rehabilitation Act, not Title VII, punitive damages also are not available relief for a claim brought pursuant to the Rehabilitation Act. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (holding "[b]ecause punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under ... the ADA and § 504 of the Rehabilitation Act.").

Accordingly, the motion to dismiss is due to be GRANTED as to the punitive damages claim in counts one, three, and four of the second amended complaint.

    B.    Age Discrimination Claim

In count two of the second amended complaint, Carastro brings a claim of age discrimination, and seeks prospective injunctive relief against Defendants Blair,

Sadler, and Pezent. (Doc. 30, at p. 11-2).[1] The Defendants contend that Carastro's claim is due to be dismissed because she has not alleged that she was replaced by or treated less-favorably than a person outside of her protected class.

As the Defendants note, "[o]ne method a plaintiff can use to establish a prima facie case for an ADEA violation" is to show that she (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). While this prima facie case formulation is one method of establishing a circumstantial evidence case of discrimination, the framework "is not the *sine qua non* for a plaintiff to survive summary judgment in a discrimination case." *Sims v. MVM, Inc.*, 704 F.3d 1327, 1333 (11th Cir. 2013). A plaintiff can proceed on her claim "if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* The non-binding caselaw cited by the Defendants, (Doc. 19, at p. 5 & Doc. 31), does not hold to the contrary, but instead stands for the proposition that an amended complaint is subject to dismissal if it does not allege the existence of a valid comparator "or otherwise allege facts

---

[1] Carastro refers to "Scott" in count two, which may be a reference to former defendant Scott Harris. All claims against Scott Harris, however, were dismissed with prejudice by Order of the Court on January 7, 2019. (Doc. 24).

giving rise to an inference of disparate treatment." *See Caraway v. Secretary, U.S. Dept. of Transp.*, 550 Fed. App'x 704, 710 (11th Cir. 2013). Here, Carastro has alleged facts which she contends evidence an intent to discriminate, and are pleaded as support for her claim of disparate treatment on the basis of age.

Because the Defendants' motion seeks dismissal for failure to plead the elements of a traditional prima facie case of age discrimination, but Carastro has chosen to plead her circumstantial evidence claim by relying on a permissible method other than the traditional prima facie case, the motion is unavailing and due to be DENIED as to count two.

C.  Disability Discrimination Claim

"To establish a prima facie case of discrimination under the [Rehabilitation] Act, an individual must show that (1) [s]he has a disability; (2) [s]he is otherwise qualified for the position; and (3) [s]he was subjected to unlawful discrimination as the result of h[er] disability." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (quotation and citation omitted).

The Defendants contend that Carastro relies solely on statements made by third parties to allege that she was regarded as disabled, which cannot support a claim that the ADPH regarded her as disabled. Carastro responds that the Defendants are misinterpreting her allegations and she has actually alleged that the ADPH told nursing homes that she has Alzheimer's disease. (Doc. 21, at 7).

Even assuming that Carastro has made allegations which could support a finding that she was regarded as disabled by the ADPH, the Defendants also contend that the disability discrimination claim is due to be dismissed because Carastro has alleged that adverse action was taken against her "in part" because of her disability. Carastro argues in response that her theory is cognizable under *Quigg v. Thomas Cnt'y Sch. Dist.*, 814 F.3d 1227, 1241 (11th Cir. 2016) (analyzing gender-based claims).

The disability claim at issue in this case is brought pursuant to the Rehabilitation Act. In the Eleventh Circuit,

> [i]t is not enough for a plaintiff to demonstrate that an adverse employment action was based partly on his disability. *See McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1074 (11th Cir. 1996). Rather, under the Rehabilitation Act, a plaintiff must prove that he suffered an adverse employment action "solely by reason of" his handicap. 29 U.S.C. §794(a).

*Ellis*, 432 F.3d at 1326; *see also Booth v. Houston*, 58 F. Supp. 3d 1277, 1296, 1289 & n.5 (M.D. Ala. 2014) (noting that the ADA and Rehabilitation Act are not identical because the Rehabilitation Act requires that the discrimination occur "solely by reason of her or his disability."). In this case, the Rehabilitation Act claim in count three alleges that Carastro was terminated "due in part" (Doc. 30, at p. 10 & Doc. 21, at p. 9), to a perception of disability, and not solely on that basis. Therefore, the motion to dismiss is due to be GRANTED as to count three.

D. Retaliation and Hostile Environment Claims

The Defendants articulate a common reason for dismissal of the retaliation and hostile environment claims alleged in counts one and four; namely, that Carastro has not identified any facts to show that any action was taken against her based on a characteristic protected by Title VII.

In response to the Defendants' motion to dismiss, Carastro has urged the Court to consider the retaliation and hostile environment claims as having been brought pursuant to the Rehabilitation Act, not Title VII, and has stated that she mistakenly pleaded them as Title VII claims. (Doc. 21, at p. 9).[2] She also asks the Court to allow her to amend her second amended complaint to state the retaliation and hostile environment claims as Rehabilitation Act claims. (Doc. 21, at p. 13, 14).

Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted). Carastro, of course, already has had two opportunities to file an amended complaint. Upon review of her second amended complaint, it is apparent that there are aspects of her pleading which must be more definitely stated. In addition to making a mistake in identifying the relevant statute

---

[2] In response to the pending motion to dismiss the second amended complaint, Carastro incorporated by reference her response to the previous motion to dismiss. (Doc. 34 & 21).

in counts one and four, she also has failed to separate out the facts regarding her age and disability claims. These pleading deficiencies make it difficult to evaluate the Defendants' argument that, even if the correct statute had been identified, she has failed to adequately plead a hostile work environment. Accordingly, considering her request to amend, and keeping in mind that amendment should be allowed where a more carefully drafted complaint might state a claim, the Court will give Carastro one additional opportunity to attempt to state retaliation and hostile work environment claims. Carastro is cautioned, however, that to comply with the *Federal Rules of Civil Procedure*, her claims should be stated in numbered paragraphs which set out the factual basis for her retaliation and hostile environment theories with each claim "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Therefore, the motion to dismiss will be GRANTED as to these two counts, but Carastro will be given a final opportunity to file an amended complaint.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the motion to dismiss (Doc. 31) is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED as to the Plaintiff's claims for punitive damages in counts one, three, and four, and those claims are DISMISSED with prejudice.

2. The motion is DENIED as to the age discrimination claim in count two.

3. The motion is GRANTED as to the Rehabilitation Act claim in count three and that claim is DISMISSED with prejudice.

4. The motion is GRANTED as to the claims in counts one and four, but those claims are DISMISSED without prejudice to being re-pleaded.

The Plaintiff is given until **July 8, 2019** to file a new, amended complaint which is complete unto itself, and does not incorporate any previous pleading by reference, and which complies with this and all previous Orders of the Court in this case.

DONE this 25th day of June, 2019.

                                           /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE