IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIE CARASTRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:18-cv-800-ECM |
| ) | [wo] |
| ALABAMA DEPARTMENT OF ) | |
| PUBLIC HEALTH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is a motion to dismiss Plaintiff's third amended complaint (Doc. 38)[1] filed on July 26, 2019, by the Alabama Department of Public Health (ADPH), Dennis Blair, Mia Sadler, and Lisa Pezent (collectively "the Defendants").

The Plaintiff, Marie Carastro, originally filed a complaint in this case on September 14, 2018 (Doc. 1). In her third amended complaint, the Plaintiff brings a claim for violation of the Age Discrimination in Employment Act (ADEA) (count one); claims for retaliation claim under the Rehabilitation Act of 1973 (count two); and a hostile work environment claim in violation of Rehabilitation Act (count three) (Doc. 37).

For the reasons that follow, the Defendants' motion is due to be GRANTED.

**I.  LEGAL STANDARD**

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] The original motion to dismiss (Doc. 38) was replaced by a corrected copy. (Doc. 39-1).

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In analyzing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court assumes the factual allegations in the complaint to be true. However, "if allegations [in the complaint] are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153–54 (11th Cir. 2011)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.  FACTS

The facts as alleged in the third amended complaint are as follows:

Carastro was employed with the ADPH for approximately thirty years. At the time her employment ended in October of 2018, she worked as a Licensure & Certification Surveyor of nursing homes and related facilities.

The Plaintiff filed multiple charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), including charges in December 2015, September 2016, March 2017, and July 2017.

In March 2017, Carastro received a letter from State Health Officer Thomas Miller stating that she was accused of being argumentative and of engaging in inappropriate behavior at long-term care facilities. As a result, she had a pre-suspension hearing, and a recommendation was made to the ADPH that she receive a seven-day suspension without pay from June 3, 2017 to June 9, 2017. In September 2018, Carastro received a letter notifying her of a pre-termination conference. On October 9, 2018, she was terminated. She appealed and entered into a settlement with the State Personnel Department whereby she was reinstated to her position and allowed to retire effective April 1, 2019.

The Plaintiff alleges that nursing home facilities staffs were told by ADPH employees that she has Alzheimer's and no longer surveys by herself. (Doc. 37 at ¶15, ¶38). She also alleges that when she was allowed to survey, the ADPH forced her to go on long-distance travel by herself. She finally alleges that ADPH employees asked her when she was going to retire, and often subjected her to bullying, physical abuse, and verbal abuse. (Doc. 37 at ¶42).

### III.   DISCUSSION

The Defendants seek dismissal of the Plaintiff's retaliation claims in count two and hostile work environment claim in count three.

A.  Retaliation Claims

To establish a prima facie case of retaliation, a plaintiff must show that she (1) engaged in a statutorily protected activity, (2) suffered an adverse employment action, and that (3) there was a causal connection between the protected activity and the adverse employment action. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008); *see also*

*Burgos-Stefanelli v. Sec'y, U.S. Dep't of Homeland Sec.*, 410 F. App'x 243, 245 (11th Cir. 2011) (stating "we assess retaliation claims pursuant to the Rehabilitation Act under the framework we use in assessing Title VII retaliation claims.").

The Defendants argue that the Plaintiff has not alleged plausible facts to demonstrate that she engaged in a statutorily protected activity. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998) (stating, "to satisfy the first element of the prima facie case, it is sufficient that an employee have a good faith, objectively reasonable belief that his activity is protected by the statute."). Specifically, the Defendants contend that there are no facts alleged to support a claim that the ADPH regarded her as disabled because the Plaintiff relies on third-party perceptions that she had Alzheimer's. (Doc. 42 at 2). The Defendants cite to a case holding that an employer did not regard an employee as disabled because "knowledge that an employee has visited a doctor and receipt of a conclusory doctor's excuse, without more, do not plausibly underpin an employer's perception that the employee suffers from a disability." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247 (11th Cir. 2015).

The third amended complaint alleges that nursing home facilities staffs have been told by the ADPH that the Plaintiff has Alzheimer's and does not survey by herself anymore. (Doc. 37 at ¶15, ¶38). The Plaintiff reiterates in her brief that this is an allegation of fact that "nursing homes have been told by ADPH that she 'has Alzheimer's'" and "does not survey by herself anymore" to show that ADPH regarded her as impaired. (Doc. 41 at 4). This Court concludes, therefore, that instead of relying solely on allegations of the perception of third parties, the third amended complaint sufficiently pleads facts to show

that persons at the ADPH regarded the Plaintiff as having Alzheimer's, and links that condition to a limitation that she no longer conducts surveys by herself, so as to withstand the motion to dismiss.

The Defendants also move to dismiss the retaliation claims on the basis that there is no causal connection between any protected activity and adverse employment action.

To establish a causal connection, a plaintiff has to demonstrate that the protected activity and the adverse action are not completely unrelated. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004); *see also Burgos-Stefanelli*, 410 F. App'x at 246. In cases in which plaintiffs attempt to establish causation through temporal proximity, the temporal proximity must be "very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

In her third amended complaint, the Plaintiff alleges that the Defendants retaliated against her by suspending her and later terminating her. (Doc. 37 at 7). For the suspension aspect of her claim, the Plaintiff argues that in "March 2017, shortly after filing the second EEOC charge in September 2016," (Doc. 41 at 8), she received a letter notifying her of pre-suspension. The approximately six-month period between the charge in September 2016 and the notice of pre-suspension in March of 2017 is too long a period of time to establish causation. *See Thomas v. Cooper Lighting, Inc*., 506 F.3d 1361, 1364 (11th Cir. 2007) (holding that a "three to four month disparity between the statutorily protected expression and the adverse employment action is not enough" to establish causation). Accordingly, the claim of retaliation through suspension is due to be dismissed.

The Plaintiff argues that she has pleaded facts to show that her termination was in retaliation for protected activity, namely that a pre-termination conference was scheduled three days before her notice of right to sue expired and a decision was made to terminate her less than a month after she filed suit. (Doc. 41 at 9).

The Defendants argue that receipt of a notice of right to sue is not a protected activity. In *Curtis v. Broward Cty.*, 292 F. App'x 882, 885 (11th Cir. 2008), cited by the Defendants, the court held that the protected act which began the measurement of temporal proximity was the filing of a complaint, not receipt of the notice of right to sue. Furthermore, the Supreme Court has characterized as "utterly implausible," a suggestion that a right-to-sue letter which is issued by the EEOC, and which is not action taken by the employee, is a protected activity. *See Breeden*, 532 U.S. at 273. Therefore, the allegations of the timing of the notice of right to sue do not sufficiently plead causation in this case.

In her brief, the Plaintiff also references the filing of this lawsuit as protected activity after which her termination occurred. Although previously given the opportunity to amend her complaint, the Plaintiff did not identify the filing of this lawsuit as protected activity in the third amended complaint.

Even considering the September 14, 2018 date of the original complaint as a date of protected activity, however, the Plaintiff has not alleged sufficient facts to support causation. She was terminated on October 9, 2018, but it is alleged in the third amended complaint that on September 10, 2018, the Plaintiff received a letter notifying her of a pre-termination conference. (Doc. 37 at ¶32).

The law is clear that "in a retaliation case, when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation." *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006). This is true even if the adverse employment action was "not yet definitively determined." *Breeden*, 532 U.S. at 272.

In this case, accepting the allegations of the third amended complaint as true that there was a pre-termination conference before her termination, the October 9 termination is not causally connected to the filing of the lawsuit as a matter of law. *See id.* In addition, because the notice of pre-termination conference was received on September 10, before the Plaintiff filed suit on September 14, there can be no causation. *See Entrekin v. City of Panama City Fla.*, 376 F. App'x 987, 996 (11th Cir. 2010) (holding that because the challenged actions occurred prior to the filing of the lawsuit, a causal link between the protected activity and the adverse employment actions cannot be established by temporal proximity). Finally, the time period beginning with her EEOC charge on July 3, 2017, and ending with the notice of pre-termination conference on September 10, 2018, is too long to support causation. *See Thomas*, 506 F.3d at 1364.

Accordingly, the motion to dismiss is due to be GRANTED as to all of the retaliation claims in count two.

    B.    Hostile Work Environment

An actionable hostile work environment claim requires that the plaintiff demonstrate the following: (1) she belongs to a protected group; (2) she was subjected to

7

unwelcome harassment; (3) the harassment to which she was subjected was based on a protected characteristic, here, disability; (4) the harassment affected a term, condition, or privilege of her employment; and (5) the defendant knew or should have known of the harassment, but failed to take prompt, remedial action. *Cooper v. CLP Corp.*, 2015 WL 9311964, at *8 (N.D. Ala. 2015), *aff'd*, 679 F. App'x 851 (11th Cir. 2017).  The harassment must be so severe or pervasive as to have the purpose or effect of unreasonably interfering with the plaintiff's work performance or creating an intimidating, hostile, or offensive environment. *Id.*

The Defendants contend that the Plaintiff has failed to allege facts to show that she was a member of a protected group or that conduct was sufficiently severe or pervasive. As discussed above, however, the Plaintiff has alleged facts to show that the Defendants, not just third-parties, regarded her as being impaired by Alzheimer's.

In moving for dismissal for lack of allegations of severe or pervasive conduct, the Defendants have cited a previous amended complaint filed by the Plaintiff. (Doc. 39-1)(citing Doc. 18). The Defendants argue, based on the allegations of the earlier complaint, that the Plaintiff has only alleged petty annoyances because the only facts she has alleged are that she had to drive long distances, she received a lowered employment evaluation, and her supervisors were questioning her.  In the most recent amended complaint, however, in addition to facts referenced by the Defendants, the Plaintiff has alleged that ADPH employees "often subjected her to bullying, physical abuse, and verbal abuse." (Doc. 37 at ¶ 42).

8

Although the allegations of the third amended complaint go beyond the allegations identified by the Defendants, to state a claim for hostile work environment, the allegations must be of severe or pervasive conduct. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). Furthermore, the Eleventh Circuit Court of Appeals has held that complaints alleging discrimination must meet the "plausibility standard" of *Twombly* and *Iqbal*. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010). "A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).

An allegation of "bullying, physical abuse, and verbal abuse," without an identification of specific facts, is vague and conclusory. *See Little v. CRSA*, 2017 WL 3431837, at *4 (M.D. Ala. 2017)(rejecting as insufficient a "vague conclusory statement that . . . comments were routine . . . unsupported by facts."), *aff'd*, 744 F. App'x 679 (11th Cir. 2018); *see also Johnson v. Sunshine Rest. Partners, LLC*, 2010 WL 11504502, at *2 (S.D. Fla. 2010)(granting motion to dismiss where plaintiff "failed to allege any non-conclusory facts regarding the harassment or hostile work environment she suffered.").

Considering the facts alleged, and disregarding conclusory allegations not entitled to an assumption of truth, the Court cannot conclude that the Plaintiff has met her burden to plead a plausible claim of a hostile work environment. The motion to dismiss is due to be granted as to this claim. *See Little*, 2017 WL 3431837, at *3 (finding that sexual harassment hostile work environment failed because the plaintiff failed to sufficiently allege the claim, even after being given an opportunity to amend her complaint).

## IV. CONCLUSION

For the foregoing reasons, it is that the motion to dismiss (Doc. 38) is GRANTED as to the retaliation claims in count two of the third amended complaint and the hostile environment claim in count three of the third amended complaint and those claims are DISMISSED.

The case will proceed on the claim in count one only.

DONE this 31st day of October, 2019.

                                          /s/ Emily C. Marks  
                                          EMILY C. MARKS  
                                          CHIEF UNITED STATES DISTRICT JUDGE